IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DETRIC LEWIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-2176-D-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Detric Lewis has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, Petitioner's motion should be denied.

**Background**

Petitioner pled guilty to conspiracy to possess with intent to distribute and to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. § 846, pursuant to a plea agreement and factual resume. He was sentenced to 188 months imprisonment on March 25, 2011. His case was affirmed on direct appeal. *See United States v. Lewis*, 467 F. App'x 298 (5th Cir. 2012). Petitioner then filed this timely Section 2255 motion to vacate, set aside, or correct sentence, asserting that he received ineffective assistance of counsel.

**Legal standards**

A Section 2255 motion is a proper procedural vehicle for raising a claim of

-1-

ineffective assistance of counsel. *See United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir. 1992). The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan,* 446 U.S. 335, 344 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel, a petitioner must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *See id.* at 687. Second, he must establish that he was prejudiced by the attorney's substandard performance. *See id.* at 691-92.

In order to obtain post-conviction relief due to ineffective assistance of counsel in the context of a guilty plea, the *Strickland* prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy this standard, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a petitioner must establish that he was subjected to additional jail time due to the deficient performance of his attorney. *See United States v. Grammas,* 376 F.3d 433, 439 (5th Cir. 2004) (citing *Glover v. United States,* 531 U.S. 198, 203 (2001)). There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v.*

*Lynaugh,* 884 F.2d 871, 876 (5th Cir. 1989).

## Analysis

Voluntariness of Guilty Plea

Although Petitioner does not specifically argue that his guilty plea was involuntary, he states in passing that his plea hearing was flawed because he was under the influence of "very powerful psychotropic medications," the Court declined to read the factual resume or "require that a factual basis for the conspiracy be spread upon the record," he was never advised of the essential elements of the charged offense, and he did not understand the nature of the offense for which he plead guilty. *See* Dkt. No. 3 at 3. These statements are entirely without merit.

A trial judge is required to ensure that a guilty plea is knowing and voluntary. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). The defendant must "'[have] a full understanding of what the plea connotes and of its consequence.'" *Taylor v. Whitley,* 933 F.2d 325, 329 (5th Cir. 1991) (quoting *Boykin v. Alabama,* 395 U.S. 238, 244 (1969)). The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia,* 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with Federal Rule of Criminal Procedure 11's requirements provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Id.* at 627.

The record establishes that Petitioner was competent to enter a plea and that his guilty plea was knowing and voluntary. Petitioner was properly admonished in full

accordance with Rule 11 before the Court accepted his guilty plea. *See* Dkt. No. 250. During his rearraignment, Petitioner stated that he had been taking, under the care of a doctor, the medications Pyloric Acid and Elavil. *See id.* at 4. However, Petitioner stated under oath that those prescriptions did not have side effects that prevented him from understanding the proceedings, and Petitioner confirmed that he was fully able to focus and concentrate on the hearing. *See id.* at 5-6. The Court declined to read the factual resume into the record because Petitioner indicated that he did not wish the document to be read and therefore waived reading of the factual resume. *See id.* at 16-17. Petitioner stated that he had the opportunity to carefully read the factual resume and discuss it with his attorney and that he understood the contents of the document. *See id.* at 17. Finally, the Court identified the factual resume's section containing the offense's essential elements and asked Petitioner whether he admitted that he had committed each of the essential elements set forth. *See id.* at 17-18. Petitioner admitted as much. *See id.* The Court found that:

> Mr. Lewis is fully competent and capable of entering an informed plea, that he is aware of the nature of the charge and of the consequences of his plea, and that his plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

*Id.* at 18-19. The plea was therefore accepted, and Petitioner was found guilty of the charged drug conspiracy. *See id.* at 19.

Petitioner's sworn testimony carries a strong presumption of veracity in a subsequent habeas proceeding. *See Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). His conclusory claim that his plea was in any way flawed, either due to medications or the

Court's failure to recite facts and elements that were specifically waived by Petitioner, is without merit.

Relevant Conduct

In his enumerated first ground for relief, Petitioner claims that his attorney, William Gary Nellis, provided ineffective assistance by failing to object to the drug quantity calculation contained within the Presentence Investigation Report ("PSR"). That is, Petitioner contends that the PSR attributed drug amounts that his co-conspirators sold while he was in jail and before he joined the conspiracy. *See* Dkt. No. 3 at 6-7.

Although the PSR recounted the drug trafficking activities of the West Side Gator Boys drug trafficking gang that occurred as early as February 2007, *see* No. 3:10-cr-40-D, Dkt. No. 151-1 at 5-9, Petitioner was only held accountable for the amounts reasonably foreseeable during the time of his own participation in the conspiracy, *see id.* at 10. This relevant conduct, which amounted to 272.646 grams of cocaine base, *see id.*, is less than the 304.6 grams of cocaine base that Petitioner voluntarily stipulated was reasonably foreseeable during his participation in the conspiracy, *see* No. 3:10-cr-40-D, Dkt. No. 127 at 2-3. Because Petitioner stipulated to a greater drug quantity than that eventually applied to him by the PSR, an objection to the total drug amount would have been meritless and cannot form the basis of an ineffective assistance claim. *See, e.g.*, *Sones v. Hargett,* 61 F.3d 410, 415 n.5 (5th Cir. 1995) (counsel is not deficient for failing to argue a meritless point).

-5-

Fair Sentencing Act

Petitioner also faults his defense attorney for failing to argue that the then-existing 100:1 disparity in sentences between crack cocaine offenses and powder cocaine offenses had a racially discriminatory impact and to urge the Court to apply the more lenient sentence called for by the Fair Sentencing Act of 2010 ("FSA"). The FSA took effect one month before Petitioner's guilty plea. Respondent concedes that, had the FSA been applied to Petitioner at sentencing, he would have had a total offense level of 34 rather than the 37 that was applied in the PSR. *See* Dkt. No. 7 at 10 n.3.

At the time of Petitioner's sentencing, Fifth Circuit law dictated that the FSA did not apply retroactively to defendants like Petitioner who committed their offenses before the Act's enactment, even though they were sentenced after enactment. *See United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011). Well after Petitioner's sentence was imposed, the United States Supreme Court held that the FSA applies retroactively to such offenders. *See Dorsey v. United States*, 132 S. Ct. 2321, 2331 (2012). However, determination of whether the performance of counsel was deficient is based upon the law "as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. Counsel is not required to "anticipate changes in the law." *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009).

Although the FSA, if it had been applied at the time of sentencing, might have resulted in a lower offense level (a determination that the Court need not make in resolving Petitioner's Section 2255 motion), this does not establish that Nellis's

performance was deficient. If Petitioner's counsel raised an objection at sentencing and urged the Court to apply the FSA retroactively, binding precedent would have compelled the Court to overrule his objection. That is, at the time of sentencing, such an objection to the application of the Sentencing Guidelines would have been meritless. Nellis was not ineffective for failing to urge the retroactive application of the FSA when Fifth Circuit law compelled otherwise. Petitioner has not established that his counsel's failure to raise this objection was deficient or that he would have received a lesser sentence of imprisonment if it had been urged. Accordingly, this claim should be denied.

**Recommendation**

Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 5, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE